## SUPREME COURT.

MIDDLETON BELL agt. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

*When board of health a necessary party to an action against the city of New York.*

Where a contractor had failed to perform his contract for the removal of "night soil," and the board of health passed a resolution and acted thereunder, directing its immediate removal:

*Held,* that the board of health, under the fifth section of chapter 636 of Laws of 1874, was a necessary party to an action by the contractor against the city of New York.

*Special Term, April,* 1876.

DEMURRER to answer.

*Mr. Hooker,* in support of the demurrer.

*Mr. Deane,* opposed.

VAN VORST, *J.* — The sixth paragraph of the defendant's answer, and to which the plaintiff's demurrer is interposed, alleges that the board of health, on or about the 29th day of July, 1873, passed a resolution, of which the following is a copy :

" *Resolved,* That the necessary arrangements be at once made to receive and take away the night soil, which the assignee under the Gallagher contract, and R. Dye, refused to provide a suitable place for and to receive."

The passage of this resolution by the board of health, the demurrer concedes, as also the subsequent allegations, that the board of health passed the resolution after a careful examination made by their sanitary superintendent of the condition of the receptacles and place of deposit provided by plaintiff's assignee for the said night soil, on the Hackensack river in New Jersey, and because plaintiff, or his assignee, had utterly failed to perform his part of the contract.

Now, if the contractor failed to perform his part of the contract, by omitting to provide proper receptacles and places of deposit for the soil in question, it was certainly highly proper for the defendant, through its board of health, in the hot weather of 1873, to take measures immediately to remove the soil in question.

The passage of the resolution, and the action of the board, would be presumed to have arisen from a sufficient exigency, and the failure of the contractor and his assignee to act in the premises, would doubtless present such exigency.

By the fifth section of chapter 636 of the Laws of 1874, it is provided that in all actions or proceedings against the mayor, aldermen and commonalty of the city of New York, in which any action, order, regulation, ordinance or proceeding of the board of health shall be called in question, the board of health shall be a necessary party, and have the right to answer and take part therein.

It is quite evident that the action of the board of health in the premises will at least be called in question on the trial of this action. And I am of opinion that it is a necessary party defendant under the act of 1874, above alluded to.

There should be judgment for defendant on the demurrer, with leave to plaintiff to amend on payment of costs.